IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARNEY CRUTCHFIELD, <br> Reg. No. 25903-017, <br> <br> Plaintiff, <br> <br> v. <br> <br> STACEY FLEINER, et al., <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:21-cv-515-WHA-JTA <br> ) <br> ) <br> ) <br> ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a complaint under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), by which Plaintiff Barney Crutchfield, a federal inmate, challenges the constitutionality of his treatment in prison and the actions of personnel at Montgomery Federal Prison Camp ("Montgomery FPC") and others in implementing the directives of the U.S. Attorney General regarding evaluating inmates for release under the Coronavirus Aid, Relief, and Economic Security Act of 2020 ("CARES Act"). Crutchfield has filed a motion to certify this case as a class action under Federal Rule of Civil Procedure 23. (Doc. 34.) Upon consideration of Crutchfield's motion to certify case as a class action, the court concludes that the motion is due to be denied.

Crutchfield is a *pro se* inmate unschooled in the law who seeks to represent the interests of other inmates at Montgomery FPC who have filed *Bivens* actions regarding their own evaluations for release under the CARES Act. Among the requirements litigants must meet to maintain an action as a class action is that the "representative parties will

fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). While a *pro se* inmate may "plead and conduct" his own claims in federal court, 28 U.S.C. § 1634, he has no concomitant right to litigate the claims of other individuals. The competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981); *Ethnic Awareness Organization v. Gagnon*, 568 F. Supp. 1186 (E.D. Wis. 1983).

The court finds the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications regarding any general claims for relief. *See* Fed. R. Civ. P. 23(b)(1)(A). The court further finds the questions of fact common to proposed class members do not predominate over such questions affecting projected individual members. *See* Fed. R. Civ. P. 23(b)(3). Thus, Crutchfield's motion to certify this case as a class action is due to be denied.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1)   Crutchfield's motion to certify case as a class action (Doc. 34) be DENIED; and

(2)   this case be referred to the undersigned Magistrate Judge for further proceedings.

It is further

ORDERED that **by January 3, 2022**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive, or

general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE this 16th day of December, 2021.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE