IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BARNEY CRUTCHFIELD, | ) | |
| Reg. No. 25903-017, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-cv-515-MHT-JTA |
| | ) | (WO) |
| STACEY FLEINER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. BACKGROUND

On August 4, 2021, while he was an inmate at the Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery"), Plaintiff Barney Crutchfield filed a *pro se* complaint under *Bivens v. Six Unknown Fed. Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] In his complaint, Crutchfield alleges that the named Defendants,[2] most of

---

[1] A "*Bivens* action" is a judicially created damages remedy designed to vindicate violations of constitutional rights by persons acting under color of federal law. *See Bivens*, 403 U.S. at 395–97.

[2] Crutchfield names as Defendants: Stacey Fleiner (former Unit Manager, FPC Montgomery); D. Taylor (former Case Manager, FPC Montgomery); Kalvin Calhoun (Case Manager, FPC Montgomery); Barry Briggs (Unit Manager, FPC Montgomery); Denise Rogers (former Case Manager Coordinator, FPC Montgomery); A. Barnes (Case Manager Coordinator, FPC Montgomery); Richard Dunbar (former Assoc. Warden, FPC Montgomery); E. Villareal (Assoc. Warden, FPC Montgomery); Walter J. Wood, Sr. and Alan Cohen (Wardens, FPC Montgomery); Jeffrey Keller (former Regional Director, BOP); Hugh Hurwitz (Asst. Director of Reentry Services, BOP); Sonya Thompson (Asst. Director of Reentry Services, BOP); Andre Matevousian (Asst. Director, BOP); David Brewer (Sr. Deputy Director, BOP); Lisa Ward (Asst. Director of Admin. Div., BOP); Michael Carvajal (Director, BOP); former United States Attorney General William Barr; and United States Attorney General Merrick Garland.

whom are employees of the Federal Bureau of Prisons ("BOP"), violated his constitutional rights by misapplying directives of Attorney General William Barr when denying his request for placement in home confinement under the CARES Act.[3] (Doc. No. 1.)[4] Attorney General Barr's directives were set out in memoranda instructing the BOP to prioritize the use of home confinement to reduce the effects of the COVID-19 pandemic on the federal prison system.[5] (Doc. No. 28 at 2.) Crutchfield contends that the BOP's denial of his home confinement request violated his rights to due process and equal protection.[6] (Doc. No. 1 at 8–12, 25–31.) He also cursorily alleges that the conditions of confinement and safety protocols at FPC Montgomery increase inmates' COVID risks and amount to cruel and unusual punishment under the Eighth Amendment. (*Id.* at 33–34, 40–41.) For relief, Crutchfield seeks monetary damages and injunctive relief including an order directing his placement in home confinement. (*Id.* at 42–43.)

---

[3] *See* Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116–136, § 12003(b)(2) (2020).

[4] Document numbers are as designated on the docket by the Clerk of Court. Pinpoint citations are to the page numbers electronically affixed by the CM/ECF filing system and may not correspond to pagination as presented for filing.

[5] In determining when to utilize home confinement, the BOP was to consider "the totality of the circumstances, statutory requirements for home confinement, and a list of non-exhaustive discretionary factors. Those factors included the vulnerability of the inmate, the security level of the facility, the inmate's conduct in prison, the inmate's PATTERN score, the conditions of and plan for home confinement, and the inmate's crime of conviction." *Monk v. United States*, No. 1:22-cv-1030-CLM, 2023 WL 5019898, at *1 (N.D. Ala. Aug. 7, 2023).

[6] Crutchfield alleges that the BOP preferentially approved a disproportionate number of African-American inmates at FPC Montgomery for placement in home confinement. (*See, e.g.*, Doc. No. 1 at 26–27.)

Defendants filed a special report, answer, and supporting evidentiary materials addressing Crutchfield's complaint. (Doc. No. 28.) Defendants contend that this action should be dismissed because Crutchfield failed to exhaust his administrative remedies and because the *Bivens* remedy does not extend to his claims. (*Id*. at 12–16, 18–99.) Crutchfield in turn argues that he exhausted his claims, but that, if he failed to exhaust, he should be excused from doing so. (Doc. No. 33 at 4–12.) He also argues that the *Bivens* remedy applies to his claims. (*Id*. at 24–25.)

In an order entered on November 3, 2021, the parties were notified that "the court may at any time after [expiration of the time for Crutchfield to respond to Defendants' special report] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a dispositive motion and (2) after considering any response . . . , rule on the motion in accordance with the law." (Doc. No. 30 at 4.) Under that disclosure, the court will construe Defendants' special report (Doc. No. 28) as a Motion to Dismiss and will recommend that the motion be granted for the reasons explained below.

## II.  DISCUSSION

### A.  Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Shivers v. United States*, 1 F.4th 924, 935 (11th Cir. 2021). The Eleventh Circuit has recognized that "[t]he plain language of the statute makes exhaustion a precondition to

3

filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (quoting *Freeman v. Francis*, 196 F.3d 641, 643–44 (6th Cir. 1999)). A federal prisoner thus cannot bring a *Bivens* action until he has exhausted his administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("[F]ederal prisoners suing under *Bivens* . . . must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a [42 U.S.C.] § 1983 suit.").

Evaluating a motion to dismiss for failure to exhaust administrative remedies involves two potential steps:

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles v. Miami-Dade County Corr. and Rehab. Dep't*, 476 F. App'x 364 (11th Cir. 2012) (citations and internal quotations omitted). If the second step is required, the district court "may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias v. Florida Dep't of Corr.*, 587 F. App'x 531, 535 (11th Cir. 2014). The Eleventh Circuit has rejected the argument that disputed facts in the exhaustion context must be decided after trial. *Id*. at 534.

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. And because exhaustion is

4

mandated by statute, a court has no discretion to waive the requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998).

### 1. BOP's Administrative Remedy Process

The BOP has established detailed regulations setting forth the procedures federal inmates must follow before seeking relief from a district court:

- An inmate must first attempt to resolve his complaint informally with prison staff. *See* 28 C.F.R. § 542.13(a).

- If dissatisfied with prison staff's response, the inmate must submit a Request for Administrative Remedy to the warden using a "BP-9" form within 20 days of the date on which the basis for the request occurred. *See* 28 C.F.R. § 542.14(a).

- The warden has 20 days to respond to the inmate's "BP-9." *See* 28 C.F.R. § 542.18.

- If dissatisfied with the warden's response, the inmate must appeal within 20 days to the Regional Director using a "BP-10" form. *See* 28 C.F.R. § 542.15(a).

- The Regional Director has 30 days to respond to the inmate's "BP-10." *See* 28 C.F.R. § 542.18.

- If dissatisfied with the Regional Director's response, the inmate must appeal within 30 days to the Office of the General Counsel ("the Central Office") using a "BP-11" form. *See* 28 C.F.R. § 542.15(a).

- The Central Office must respond to the inmate's "BP-11" within 40 days. *See* 28 C.F.R. § 542.18.

If at any stage of the process the inmate does not receive a response within the allotted time, he may consider the absence of a response to be a denial and proceed to the next level. 28 C.F.R. § 542.18. The administrative remedy process is not completed until the

Central Office responds on the merits or until expiration of the time allotted for such a response. (*See* Doc. No. 28-1 at 3.)

### 2.   Crutchfield's Administrative Remedies

In a sworn declaration accompanying Defendants' special report, S. Allison-Love (BOP Senior Attorney at the U.S. Penitentiary in Atlanta) states she has access to official records maintained by the BOP and is familiar with the administrative remedy process for federal inmates set out in BOP Program Statement 1330.18 and 28 C.F.R. part 542, Subpart B. (Doc. No. 28-1 at 1.) Allison-Love states she is familiar with the BOP's SENTRY computer system, which contains institutional records tracking administrative remedy requests filed by inmates. (*Id*. at 2–3.) According to Allison-Love, Crutchfield's institutional records reflect that, through August 26, 2021, while incarcerated at FPC Montgomery, Crutchfield submitted four administrative remedies for placement in home confinement under the CARES Act but failed to exhaust the BOP's administrative remedy process under any remedy. (*Id*. at 3.) Allison-Love bases her determination of non-exhaustion on the fact that none of the remedies submitted by Crutchfield made any allegation against any of the individual defendants named in his *Bivens* complaint or alleged discrimination or equal protection violations related to home confinement.[7] (*Id*.)

---

[7] Besides Allison-Love's declaration, Defendants' special report contains copies of Crutchfield's SENTRY administrative remedy log for the relevant period. (Doc. No. 28-1 at 10–32.)

### 3. Crutchfield Failed to Exhaust His Eighth Amendment Conditions of Confinement Claim.

Addressing first Crutchfield's claim that the conditions of his confinement and safety protocols at FPC Montgomery were cruel and unusual under the Eighth Amendment because he and other inmates were exposed to heightened COVID risks at the facility,[8] the undersigned finds that Crutchfield never undertook the BOP's administrative remedy process for such a claim. Crutchfield resorted to the administrative remedy process only for his request for placement in home confinement under the CARES Act. He failed to exhaust his Eighth Amendment conditions of confinement claim, thus that claim is due to be dismissed.

Crutchfield suggests that the COVID pandemic itself was a special circumstance that prevented him from pursuing his administrative remedies, so he should be excused from the exhaustion requirement. (Doc. No. 33 at 4–5.) But courts may not waive the exhaustion requirement based solely on the COVID pandemic. *See Swain v. Junior*, 961 F.3d 1276, 1292 (11th Cir. 2020); *Valentine v. Collier*, 978 F.3d 154, 161 (5th Cir. 2020). *See also McClure v. White*, No. 5:20-cv-267-MTT-CHW, 2020 WL 4194992, at *3 (M.D. Ga. July 21, 2020); *Osterback v. Inch*, No. 1:20-cv-84-AW-GRJ, 2021 WL 2303130, at *2 (N.D. Fla. Feb. 25, 2021). Crutchfield also presents no facts showing a link between the COVID pandemic and his failure to exhaust his Eighth Amendment conditions of confinement claim. The court finds that his unsupported cursory assertions establish no basis for waiving the exhaustion requirement for this claim.

---

[8] (*See* Doc. No. 1 at 33–34, 40–41.)

Because Crutchfield failed to exhaust the BOP's administrative remedy process for his Eighth Amendment conditions of confinement claim, dismissal of this claim is warranted under 42 U.S.C. § 1997e(a). *Shivers*, 1 F.4th at 936.

**B.** ***Bivens* Does Not Extend to Home Confinement Requests Under CARES Act.**

The undersigned finds that Crutchfield adequately exhausted the BOP's administrative remedy process for his request for placement in home confinement under the CARES Act. Under Remedy No. 1052997, Crutchfield pursued his home confinement request from the institutional (warden) level, to the Regional Director level, to the Central Office level, receiving a ruling on the merits at each level.[9] This was sufficient to exhaust his claim.

But even though Crutchfield exhausted his administrative remedies for denial of his home confinement request under the CARES Act, his claim for relief under that theory is due to be dismissed because he cannot justify the extension of *Bivens* to his claim. Recently, in *Daley v. Sanders*, No. 2:20-cv-881-ECM, 2024 WL 1261886 (M.D. Ala. Mar. 25, 2024), this court recognized that the *Bivens* remedy is unavailable for challenges to

---

[9] *See specifically*, Remedy No. 1052997-F1, Remedy No. 1052997-R1, and Remedy No. 1052997-A2. (Doc. No. 28-1 at 3–4). Administrative remedy requests filed with the warden at the institutional level (BP-9s) are identified in the SENTRY database by the notation "F1" following the remedy identification number. (Doc. No. 28-1 at 2.) Regional Director level remedy filings (BP-10s) are identified by the notation "R1" following the remedy identification number. (*Id.*) Appeals to the Central Office (BP-11s) are identified by the notation "A1" following the remedy identification number. (*Id.*) If amended or successive filings are filed at the same level, the numeral following the alphabetical letter changes accordingly. (Doc. No. 28-1 at 3.) For example, a second filing at the Central Office level is identified in SENTRY by the notation "A2" following the remedy identification number.

BOP officials' denials of home confinement requests under the CARES Act. In dismissing a claim nearly identical to Crutchfield's, the district court stated:

> [T]he Court finds that the damages action is nonetheless due to be dismissed because the Plaintiff has not sufficiently justified an extension of the *Bivens* remedy to the circumstances of this case. *See generally Egbert v. Boule*, 596 U.S. 482 (2022). In *Egbert*, the United States Supreme Court reiterated that "recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.'" *Id*. at 491 (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017)); (doc. 42 at 22–23) (making this observation). The Supreme Court further explained that if the claim "arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 596 U.S. at 492 (quoting *Ziglar*, 582 U.S. at 136). "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id*. (citation omitted). In light of this guidance from the Supreme Court, the Court finds that the Plaintiff has not shown entitlement to a *Bivens* remedy in this new context, i.e., BOP officials' denial of a home confinement request under the CARES Act. *See id*.

*Daley*, 2024 WL 1261886, at *1.

Thus, consistent with *Daley*, the undersigned finds that Crutchfield's *Bivens* claim seeking damages based on the denial of his home confinement request under the CARES Act is due to be dismissed.[10] *See also, e.g.*, *Washburn v. Renick*, No. 1:23-cv66, 2023 WL

---

[10] Although this court pretermitted discussion of Crutchfield's Eighth Amendment conditions of confinement claim apart from the question of Crutchfield's failure to exhaust (since the claim was never raised by Crutchfield before he asserted it in his *Bivens* complaint) the undersigned notes that in *Monk v. United States*, No. 1:22-cv-1030-CLM, 2023 WL 5019898, at *9–10 (N.D. Ala. Aug. 7, 2023), the U.S. District Court for the Northern District of Alabama held that the *Bivens* remedy does <u>not</u> extend to Eighth Amendment conditions of confinement claims alleging heightened COVID risks stemming from inadequate prison safety protocols. *See also, e.g.*, *Files v. Rivers*, No. 3:23-cv-1534-K (BT), 2024 WL 816267, at *4 (N.D. Tex. Feb. 7, 2024) (plaintiff's Eighth Amendment conditions of confinement claim under *Bivens* fails because it arises in a new context, and there are special factors counseling against extending *Bivens* to that context).

9112476, at *10 (S.D.W. Va. Mar. 8, 2023) (finding that *Bivens* remedy does not extend to denials of requests for placement in home confinement under the CARES Act).

Furthermore, placement in home confinement is not an available remedy under *Bivens*. *See Bruce v. Carvajal*, 2020 WL 7334502, at *3 (M.D. Fla. Dec. 14, 2020) (injunctive relief in the form of an order directing the BOP to transfer qualifying inmates to home confinement is unavailable under *Bivens*); *Washburn*, 2023 WL 9112476, at *10. The district court lacks the authority to order the BOP to place Crutchfield in home confinement. *See Touizer v. U.S. Att'y Gen.*, No. 21-10761, 2021 WL 3829618, at *2 (11th Cir. Aug. 27, 2021); *Brown v. Att'y Gen.*, No. 3:20-cv-661-J-32JBT, 2020 WL 4582732, at *2 (M.D. Fla. Aug. 10, 2020) (collecting authority).

### III. CONCLUSION

Accordingly, Defendants' special report (Doc. No. 28) is CONSTRUED as a Motion to Dismiss.

Further, the Magistrate Judge RECOMMENDS as follows:

1. Defendants' Motion to Dismiss (Doc. No. 28) be GRANTED.

2. Crutchfield's Eighth Amendment conditions of confinement claim be DISMISSED without prejudice because Crutchfield failed to exhaust his available administrative remedies for this claim.

3. Crutchfield's claim challenging BOP officials' denial of his home confinement request under the CARES Act be DISMISSED with prejudice because the *Bivens* remedy is unavailable for such claims.

It is further ORDERED that the parties shall file any objections to this Recommendation by **June 26, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 11th day of June, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE